STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. IRVING GRUMER AND WILLIAM BLUMSTEIN, PLAINTIFFS IN ERROR.

Submitted July 7, 1921—Decided December 20, 1921.

An indictment when returned by a grand jury and presented by that body in open court, becomes a part of the record, and if the indictment be . mislaid or lost, its absence may be supplied by a copy.

On error to the Hudson County Court of Quarter Sessions.

Before GUMMERE. CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiffs in error, *George F. Cutley.*

For the state, *Pierre P. Garven,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J. The plaintiffs in error were convicted in the Hudson County Quarter Sessions of the crime of receiving stolen goods. The judgment pronounced upon that conviction is brought before us by writ of error for review. The single ground on which the plaintiffs in error seek to reverse the judgment is the failure of the state to produce at the trial the indictment found by the grand jury against them.

The record shows that not only was there no objection interposed on behalf of the defendants to the trial proceeding without the production of the indictment, but that the defendants practically consented that the trial proceed as if there were no lost or mislaid indictment.

At the close of the state's case, counsel of defendants moved for a direction of a verdict for defendants, accompanying the motion with this statement: "Mr. Brown has said that this indictment was an indictment containing two counts, one for receiving stolen goods and the other being for grand larceny. At this time I move for a direction of verdict on behalf of the defendant on the first count—that is, the count for grand larceny, on the ground that there is no evidence adduced by the state to show that these men stole the car."

The motion being denied, defendants' counsel continued: "I also move for a direction of verdict on behalf of both of these defendants on the count for receiving stolen goods, on the ground that there is no evidence adduced by the state to sustain the allegation in the indictment." This motion being likewise denied, each of the defendants was sworn in his own defence and testified in the cause. At the close of the entire case defendants' counsel moved for a direction of a verdict for the defendants, as follows: "I renew my motion for a direction of a verdict in favor of these two defendants on the two alleged counts contained in this indictment on the ground that the evidence adduced by the state in this case does not sustain the allegation contained in that indictment. I am frank to say at this time that I am depending upon Mr. Brown's statement to me this morning before this case began as to what the counts are contained in this indictment. Mr. Brown said there was one count for grand larceny and another count for receiving stolen goods. I submit, if your Honor, please, that the testimony adduced by the state does not sustain the count as contained in the indictment, consequently, I renew my motion for a direction of a verdict in favor of both defendants, not only Grumer, but also Blumstein."

\* \* \*

This motion was denied, whereupon defendants' counsel moved for such direction of a verdict on the ground that the court was without jurisdiction of the cause, since there was no indictment exhibited at the trial. This motion was likewise refused. The substance of the latter motion was made the sole basis of a motion in arrest of judgment, which the court also declined to do.

And it is on the ground of lack of jurisdiction, solely, because no indictment was produced during the trial that the plaintiffs in error seek a reversal of the judgment, as already stated.

This contention is wholly without merit. It appears from the record that an indictment, containing two counts, one for grand larceny and the other for receiving stolen goods, was presented against the defendants in the Court of Oyer and Terminer, and was handed down by that tribunal to the Court of Quarter Sessions for trial and to be disposed of according to law; that the defendants pleaded to that indictment not guilty and a day was set for trial. That the Court of Quarter Sessions is a court of general criminal jurisdiction and had jurisdiction of the subject-matter of the indictment is not questioned, and properly cannot be. So, it is manifest that all the essential elements of complete jurisdiction clearly appeared.

The argument of defendants' counsel infers that the court below lost jurisdiction of the cause when the state became unable to produce the indictment at the trial. But this in clear reason cannot be so. For it is firmly settled law that an indictment, when returned by a grand jury and is presented by that body in open court, becomes a part of the record, and, therefore, if the indictment be mislaid or lost, its absence may be supplied by a copy.

The legal rule as laid down in the text of 22 *Cyc.* 222, ¶ 2, is stated as follows: "According to the weight of authority the court has power to order the substitution of a copy of an indictment which is lost or destroyed after a trial thereon or after arraignment and plea."

This substitution of a copy may be made from the records or clearly proved by affidavits or otherwise to be an exact copy. 22 *Cyc.* 221.

In *State* v. *Ireland*, 83 *Atl. Rep.* 453, a case decided by the Supreme Judicial Court of Maine, it was well said by Cornish, J., speaking for that court (at *p.* 454) : "It must. of course, be conceded that an indictment duly found by the grand jury, duly returned to court and filed by the clerk, becomes at once a part of the records of the court, and there must be, and is, an inherent power in the court to preserve and protect its own records. * * * The record itself is but the outward evidence of a cause to which the jurisdiction of the court has attached. That jurisdiction cannot be taken away by the mere loss or abstraction of a part of the record. Rather the jurisdiction remains and the missing record should be supplied or substituted in such manner as the court itself may prescribe."

Many cases, decided by the courts of sister-states, where the question under discussion has arisen, upholding the inherent power of the court to substitute a copy of a lost indictment, are cited in the opinion above quoted from.

*State* v. *Ireland, supra,* is also reported, with an elaborate note, in 41 *L. R. A.* (*N. S.*) 1079.

It would be an unfortunate state of affairs and rather shock the sense of justice if the trial court were without inherent power to substitute a copy of the indictment for one which disappeared through theft, fire or otherwise, especially after a defendant had pleaded to such indictment. For it is quite evident that if an indictment were found and presented by a grand jury a day before the offence was barred by the statute of limitations, and the trial was necessarily set for a day after the statute had run, and in the meantime the indictment disappeared, unless the court had the power to supply the lost record by substituting a copy, the defendant would be immune from further prosecution.

It is a matter of common knowledge that many indictments, for one cause or another, do not reach the trial stage until after the statute of limitations has barred the finding

of an indictment, and, therefore, it is readily perceivable that to deny the inherent power of the court to supply the lost record by the substitution of a copy would tend to defeat the ends of justice.

For plaintiffs in error it is insisted that their constitutional rights have been violated. In what respect such rights have been encroached upon has not been demonstrated by their counsel. For it appears that with full knowledge on part of the defendants and their counsel that the indictment found by the grand jury was lost or mislaid they elected to go on with the trial as if the indictment was present.

It was open to defendants' counsel to object to go to trial without the indictment, or a substituted copy thereof. He did not demand proof on part of the state that the original indictment was lost or mislaid. He made no request that a substituted copy should be produced and established by proof that it was a true copy of the original.

Finding no error in the judicial action of the trial judge, as complained of, the judgment of the court below is affirmed.