(92 South. 520)
### WYNN v. STATE. (7 Div. 740.)

(Court of Appeals of Alabama. Feb. 7, 1922.)

**1. Indictment and information ⬤⇒72—Alternative allegations both of abandonment of children and of refusal to support held proper.**

Under Code 1907, § 7151, providing that, when offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative in a prosecution for abandoning children and failure to provide for their support, an affidavit and complaint filed by a solicitor containing two offenses, one being desertion or abandonment, and the other willful neglect or refusal to provide for the support of defendant's children, was proper.

**2. Parent and child ⬤⇒17(5)—Failure of complaint to allege age of abandoned children as less than 18 years, the statutory age, immaterial when it alleged they were less than 16 years of age.**

In a prosecution for abandoning and refusal to provide for the support of defendant's minor children, begun after the taking effect of Acts 1919, p. 176, providing that a parent who neglects to provide for the support and maintenance of children under the age of 18 years shall be guilty of a misdemeanor, and amending Acts 1915, p. 560, which sets the age of the child at 16 years, the age of children abandoned should have been stated in the complaint as less than 18 years, but, in view of the fact that their age was stated to be less than 16 years, failure to so state their age was immaterial.

**3. Criminal law ⬤⇒150—Running of statute of limitations against abandonment of children held immaterial on conviction for nonsupport.**

In prosecution of a father under Acts 1919, p. 176, for abandonment of children and for refusal to provide for their support, the fact that the abandonment took place more than one year prior to the prosecution which was barred by a one-year statute of limitations was immaterial, since the offense of failing to provide for their support was a continuing offense and was being committed at the time of trial.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

J. W. Wynn was convicted of nonsupport and desertion of his minor children, and he appeals. Affirmed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 57.

Embry & Merchant, of Ashville, for appellant.

The statute is penal and must be strictly construed. Acts 1915, p. 560; Acts 1919, p. 176; 8 Ala. App. 319, 62 South. 470. The Legislature cannot direct the judiciary how it should interpret the law. 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; 41 Ala. 153. The offense was not a continuing one, and the evidence did not support it. 97 Ala. 27, 12 South. 392; 146 Ala. 145, 41 South. 175; 98 U. S. 450, 25 L. Ed. 193. Abandonment is not a crime under all circumstances. 100 Ala. 86, 14 South. 867; 162 Ala. 94, 50 South. 362.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly construed and applied the acts cited, although the prosecution fell under the act of 1919, instead of 1915.

MERRITT, J. [1] Prosecution in this case was begun by affidavit on April 28, 1920, before Hon. Perkins McLendon, judge of probate of St. Clair county, acting at the time as judge of the juvenile court as provided for by law. The affidavit charged that, within 12 months before the making thereof, the defendant being the father of Julius Wynn and Opal Wynn, without just cause or lawful excuse, did desert or willfully neglect or refuse to provide for the support of his said children, they being under 16 years of age, and then and there in destitute or necessitous circumstances. Upon conviction appeal was taken to the circuit court, where conviction was again had, upon a complaint filed by the solicitor, in substantially the same language as the affidavit. In the circuit court the defendant admitted that he abandoned his wife and children during the year 1915, but prior to September 16, 1915, and that he had made no contribution to their support for a period of time more than one year next preceding the date on which the prosecution was begun. Embraced in the affidavit and complaint filed by the solicitor in the circuit court are two offenses, both misdemeanors, one being desertion or abandonment, and the other willful neglect or refusal to provide for the support of defendant's children. This was proper, for it is provided for in the Code that—

"When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative." Code 1907, § 7151.

[2] The affidavit appears to have been framed under the language of section 1 of an act, "to protect women and children from desertion," etc. Acts 1915, p. 560, approved September 16, 1915. This act was amended by an act approved February 18, 1919 (Acts 1919, p. 176). The amendatory act of 1919 provides that any parent who shall without lawful excuse desert or willfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of 18 years, such child being in destitute or necessitous circumstances, shall be guilty of a misdemeanor. This act in the above respect is the same as the 1915 act, except the 1915 act confines its provisions to children under 16 years, and a jail sentence is provided for in the 1919 act, which is not provided for in the 1915 act. So the prosecution, having been commenced on April 28, 1920, was subject to the provisions of the act as amended in 1919. The complaint filed by the solicitor should therefore have fixed the age at 18 instead of 16 years. This point, however, seems not to have been raised, and if the children were under 16 years, as provided for by the 1915 act, they must of necessity have been under 18 years as provided in the 1919 act.

[3] The defendant seems to have proceeded under the mistaken idea that he was being tried for abandonment of his children, and on this belief he insists that, he having abandoned his children in 1915, it was not a continuing offense, and that the prosecution was on this account barred by the statute of limitations of one year. Be this as it may, it can avail the defendant nothing here, for the judgment entry shows he was convicted in the circuit court for nonsupport of his children, an offense named under both the act of 1915 and the amendatory act of 1919, and of his nonsupport of his children he admitted this in open court to be true. The bill of exceptions is very meager, and, while it is not shown therein that these children were in destitute or needy circumstances, yet we must presume that there was testimony to this effect; there being no recital in the bill of exceptions that it contained all or substantially all of the evidence. The case appears to have been tried before the judge without a jury.

We have examined the record and find no error.

The judgment appealed from is therefore affirmed.

Affirmed.