194 So. 429

**GARGIS v. STATE.**

**8 Div. 951.**

Court of Appeals of Alabama.

Feb. 27, 1940.

204

F. E. Throckmorton, of Tuscumbia, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

It is not controverted but that the circuit court, from which this appeal comes, had jurisdiction of the subject matter of the offense stated in the complaint filed in that court by the solicitor.

And when jurisdiction of the subject matter is conferred by law, jurisdiction of person may be conferred by consent.

Here, the circuit court having jurisdiction of the subject matter charged in the solicitor's complaint, and there being no plea to the jurisdiction filed, the question of the jurisdiction, vel non, of the person must be deemed to have been waived. Sanders v. State, 16 Ala.App. 531, 79 So. 312.

The offense charged against appellant was a continuing offense, and we do not understand that prosecution must be begun under the Code section above cited within twelve months from the beginning of same.

The evidence on behalf of the State and that on behalf of the defendant (appellant) was such that it was proper to leave the contested issues to the jury trying the case. We observe nowhere that they were erroneously instructed by the court.

The few exceptions reserved on the taking of testimony have each been examined. None of them have merit.

No error appears of record, and the judgment appealed from is affirmed.

Affirmed.

SIMPSON, J., not sitting.

RICE, Judge.

Appellant was convicted of the offense denounced by Code 1928, Sec. 4480.