1 So.2d 591

### JORDAN v. STATE.
#### 4 Div. 195.

Supreme Court of Alabama.

April 10, 1941.

Jas. A. Mulkey and E. C. Boswell, both of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BOULDIN, Justice.

In Ganaway v. State, 22 Ala. 772, this court, by majority opinion, held the inherent power of the court to preserve its records by substitution of lost records on clear proof, did not apply to a lost indictment. The views of the Justices are expressed in three opinions. The chance for mistake in parol proof on so vital a matter was stressed. For the prevailing rule, see 31 C.J. 596, [§ 70] 2.

In Bradford v. State, 54 Ala. 230, 231, the indictment disappeared during the trial. In such case, it was held a proven copy could be substituted, and the trial proceed thereon. The holding in the Ganaway case was not disturbed as applied to indictments lost before the trial began. Among other things, it was stressed that after defendant was put in jeopardy, a withdrawal and continuance, without the consent of and from no fault of the defendant, would work his discharge, with probable failure of justice.

Thus the law stood when the Act of 1885, now Section 4553, Code of 1923, was enacted. This statute reads: "When it is shown to the court that an original indictment, recorded as required by law, has been lost, destroyed, or so mutilated as to be illegible, the court shall direct the clerk to make and certify a copy thereof from such record, upon which the defendant may be arraigned and tried as upon the original indictment."

The record in the instant case discloses the following:

On November 25, 1940, defendant was duly arraigned and pleaded not guilty to the indictment as read to him by the Solicitor. The cause was set for trial December 2, with usual order for a special venire, and service of a list of same with a copy of the indictment. This list and certified copy of indictment were duly served on November 25th. On December 2, the day set for trial, the minute entry recites the organization of the trial jury in due form and proceeds:

"Thereupon, to the indictment as read to the Jury the defendant, Leroy Jordan, alias Le Roy Jordan, alias Roy Jordan, pleaded not guilty, the State joined issue upon the defendant's plea of not guilty, and the defendant moved the Court to strike the certified copy of the indictment.

"December 2, 1940; Proof being made to the Court that the original indictment has been lost, and the same being duly considered by the Court, it is ordered and adjudged by the Court that a certified copy be made from the record and substituted for the original and that the Clerk file same in the cause and copy duly certified be delivered or served upon the defendant, all of which is done."

It is conceded in brief for appellant that on arraignment and on presenting the issue to the jury, the Solicitor read a duly certified copy of the record of the indictment, carrying all indorsements thereon disclosing the due return and filing of the indictment as required by law. This certified copy of date November 22, 1940, appears in the record on appeal. The indictment had been returned in 1933.

Appellant insists there was error in refusal of the motion to strike, and in proceeding at that stage to receive proof of the loss of the indictment and an order for substitution of a certified copy.

The statute, by its terms, contemplates that proof of loss and an order for the substitution of a certified copy of the indictment be made before arraignment. Solicitors should conform to the statute.

But it is a well-known rule that all objections to the indictment shall be made before a·plea of not guilty. A plea to the merits is held an admission of a valid indictment. 12 Ala.Dig., Indictment and Information, p. 109, § 196. It is not disclosed by the record, nor is it made a ground of the motion to strike, that defendant or his counsel did not know the document on which he was being tried, was a certified copy. He was entitled to inspect it before pleading. The basic principles guiding our inquiry are these:

First, there must be a valid indictment duly returned into court. A certified copy of the record of the indictment kept as a permanent memorial of judicial proceedings is all sufficient evidence of the facts disclosed by such record. This is the purpose of such records.

Second, proof of loss of the original is required as a basis for the order of substitution. These facts appear in this record.

Whether the substitution in fact with the knowledge and consent of defendant, without an order of substitution at any time, could be taken advantage of on appeal, we need not decide. When such proof and order of substitution are made at the time defendant first raises the question, we deem this a substantial compliance with the law. The further point is made that the order of substitution was not complied with, notwithstanding the recital of the judgment entry. This, because the record on appeal discloses no certified copies except those above noted. It is immaterial when the certified copy was made. Granting that the cause proceeded on the same certified copy then in court, this would suffice.

We are mindful of the safeguards of Section 7 of the Bill of Rights as well as others assuring persons accused of crime of a fair trial upon an indictment duly found and returned. We are further mindful of· legislative and judicial policy to deal with substance in the matter of form, as well as realities elsewhere. The safeguarding of the public and of the defendant is the aim of the law.

An examination of the authorities generally, we think, sustains our holding in principle. There can be no question that the accused stands indicted after the indictment is lost, the same as before. It becomes a question of replacing the evidence thereof, when the exclusive evidence in the beginning, is lost. 27 Am.Jur. 601–603, §§ 24 to 27; Annotation, 41 L.R.A.,N. S., 1079 et seq.; State v. Grumer, 96 N.J. L. 424, 115 A. 659.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.