65 So.2d 718

**POWELL v. STATE.**

**6 Div. 293.**

Court of Appeals of Alabama.

May 19, 1953.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

PRICE, Judge.

Under an indictment charging robbery, grand larceny and receiving and concealing stolen property, the defendant was convicted of grand larceny and sentenced to seven years in the penitentiary.

On the trial the defendant filed pleas of former jeopardy and autrefois acquit as a bar to a second trial.

In support of his pleas he introduced testimony showing that on a former trial of said case the court gave the general affirmative charge for the defendant as to the grand larceny and receiving stolen property counts, the case being submitted to the jury on the robbery count, and a mistrial resulted.

When the defendant had concluded his testimony upon the issues of former jeopardy and autrefois acquit the court gave the following charges:

"I charge you, gentlemen of the jury, if you believe the evidence in this case you must find a verdict for the State of Alabama on defendant's plea of autrefois acquit," and "I charge you, gentlemen of the jury, that if you believe the evidence in this case you must find the issues for the State of Alabama on defendant's plea of former jeopardy."

■ The giving of such charges for the State was without error. "In legal effect a mistrial is equivalent to no trial at all". 58 C.J.S., Mistrial, page 834.

In the case of State v. Hutter, 145 Neb. 798, 18 N.W.2d 203, 209, it was stated:

■ "The general rule is that when a person has been placed on trial on a valid information or indictment before a court of competent jurisdiction, has been arraigned and his plea entered, and a jury has been impaneled and sworn, he has been placed in jeopardy. But when the jury fails to agree on a

verdict * * * the whole proceeding is nullified and nothing remains which can benefit the defendant."

In that case it was held that the order of the trial judge in the first trial dismissing the charges of murder in the first and second degrees should be construed as nothing more than a withdrawal of those degrees of homicide from the jury because of the insufficiency of the evidence to support them. But such action does not operate as an acquittal or discharge of the defendant of any offense. By the trial the defendant was placed in jeopardy on the charge of first degree murder and all the lesser degrees of the crime contained therein. But when the jury disagreed the proceedings were completely nullified and a plea of former jeopardy was not available at the second trial. See also Montgomery v. State, 135 Wis. 119, 116 N.W. 876, 18 L.R.A.,N.S., 339.

The giving of the general affirmative charge for defendant as to the counts charging grand larceny and receiving and concealing stolen property is construed as a withdrawal of those issues from the jury because the evidence then before the court did not warrant their submission to the jury. But since the jury disagreed, requiring a second trial, the case must be tried in the same manner as if the former trial had not been had. State v. Hutter, supra.

■ The indictment was in Code form and the describing of the watch as "one gold lady's wrist watch" did not render it ambiguous. However, the demurrer was filed after the arraignment and after the plea of not guilty. A plea to the merits is an admission of a valid indictment. Underwood v. State, 248 Ala. 308, 27 So. 2d 492; Jordan v. State, 241 Ala. 125, 1 So.2d 591, 133 A.L.R. 1335; Oakley v. State, 135 Ala. 15, 33 So. 23.

The defendant contended there was no issue joined because the record does not show another plea entered after the demurrer was overruled.

■ The record shows the defendant was arraigned and entered his plea of

194

not guilty before the first trial and that he was rearraigned and plead not guilty before the selection of the jury in this case. There is no necessity for two arraignments for one trial. Howard v. State, 165 Ala. 18, 50 So. 954.

One of the grounds of motion for a new trial insisted upon by appellant is that Aubrey Maddox, a witness testifying for the State, was not sworn. This contention is supported by affidavits of the witness and appellant's counsel. The appeal here is on the record proper without official report of the proceedings and the evidence on the trial. The only testimony appearing in the record being that supporting the defendant's pleas of former jeopardy and autrefois acquit.

■ Error is not presumed on review, even in criminal cases. The appellant has the burden of establishing reversible error. Alabama Digest Criminal Law ⬅ 1141(1).

Since the witness' testimony does not appear in the record we could not presume it was prejudicial to defendant. It may have been in his favor.

The judgment of the lower court is ordered affirmed.

Affirmed.