246 So.2d 673

**Benjamin F. GARRETT and Ollie Mae Garrett**

**v.**

**Annie HUFFSTUTLER, et al.**

**7 Div. 22.**

Court of Civil Appeals of Alabama.

April 7, 1971.

Demetrius C. Newton, Birmingham, for appellants.

No brief from appellees.

WRIGHT, Judge.

Suit was filed below against appellants Garrett by appellees July 7, 1966, in the Circuit Court of St. Clair County, Alabama. Demurrer was filed to the complaint. The case was continued for trial on motion by defendants and by agreement three times in 1967. There is no indication in the record that the case was set for trial during the years 1968 and 1969. No ruling was requested on the demurrer.

On January 19, 1970, the case was called for trial and neither defendant nor his attorney appeared. Jury demand was withdrawn by plaintiffs and motion for default judgment was granted with leave

to prove damages. On March 26, 1970, defendants being present by attorney, hearing was held for proof of damages, and upon hearing, judgment was entered against defendants in the amount of $2,000.00.

Appeal was taken to this court from the judgment.

The only assignment of error sufficiently argued in brief to require our consideration on appeal charges that judgment by default was erroneously entered because the demurrer of appellants had never been disposed of. Argument on this assignment consists of three sentences, and the cases cited have no application to the point.

Our opinion shall be as brief as appellants' argument. It is the burden of the demurrant to secure a ruling on his demurrer. Failure of defendants demurring to the complaint to appear and insist on the demurrer will be treated on appeal as a waiver of the demurrer. Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; Alabama Midland Ry. Co. v. McDonald, 112 Ala. 216, 20 So. 472.

No error being shown the judgment below is affirmed.

Affirmed.