272 So.2d 597

**Ernest JOHNSON and Lamar Johnson**

v.

**STATE.**

**1 Div. 344.**

Court of Criminal Appeals of Alabama.

Dec. 23, 1973.

Wilters & Brantley, Bay Minette, for appellants.

William J. Baxley, Atty. Gen., and L. G. Kendrick, Asst. Atty. Gen., for the State.

ROBERT M. PARKER, Circuit Judge.

Obstructing a public road: sentence, six months with probation granted.

I

Appellants' first claim of error rests on alleged failure of the trial court to sustain demurrer to the indictment.

The appellants, with their attorney of record, plead not guilty on arraignment of this charge on November 9, 1971. On December 2, 1971, appellants filed demurrer consisting of one ground stating the indictment failed to positively charge them with an offense for which they can be punished.

No ruling was invoked of the court on the demurrer and appellants proceeded with trial of this cause.

■ The general rule is that a plea to the merits is an admission of a valid indictment. Jordan v. State, 241 Ala. 125, 1 So.2d 591, 133 A.L.R. 1335; Oakley v. State, 135 Ala. 15, 33 So. 23; Underwood v. State, 248 Ala. 308, 27 So.2d 492; Holloway v. State, 37 Ala.App. 96, 64 So.2d 115.

Failure of the demurrant to secure a ruling on his demurrer is a waiver of the demurrer. Garrett v. Huffstutler, 46 Ala. App. 605, 246 So.2d 673; Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; American Mortgage Company of Scotland v. Inzer, 98 Ala. 608, 13 So. 507; Yarbrough v. State, 15 Ala.App. 460, 73 So. 830.

Any possible defect in this indictment would not render it void. Ordinarily on appeal review is limited to those matters upon which a ruling or action at nisi prius was invoked. Woodson v. State, 170 Ala. 87, 54 So. 191; Morris v. State, 32 Ala.App. 278, 25 So.2d 54; Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145; Yarbrough v. State, supra. As there was no ruling on demurrer by the trial court this contention of error is without merit.

## II

The appellants allege error in failure to give requested charge No. A:

"I charge the jury that, if the offense complained of was committed for more than 12 months before the time of the indictment, the jury must find for the defendants."

The fence in question was erected by appellants in 1968 and has remained in place from that date.

This charge was correctly refused as the obstruction of the road was a continuous offense and the statute of limitation began to run with the cessation of the criminal conduct or act. United States v. Owen, 9 Cir., 32 F. 534; Wynn v. State, 18 Ala. App. 397, 92 So. 520; Gargis v. State, 29 Ala.App. 203, 194 So. 429; 22 C.J.S. Criminal Law § 227(1) at page 590.

## III

Appellants contend that the road alleged to have been obstructed had been abandoned. This contention is not supported by the evidence. Non-use of a public road short of the term of prescription does not operate as a discontinuance of said road. Harbison v. Campbell, 178 Ala.

243, 59 So. 207; Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95; Purvis v. Busey, 260 Ala. 373, 71 So.2d 18.

## IV

Appellants further contend error for failure to give certain requested written charges. Appellants' requested charges numbered 4, 5, 6, 10, 17, and 18 deal with reasonable doubt. The matter of reasonable doubt was fairly and substantially covered in the court's oral charge and in appellants' requested given charges numbered 3, 12, 13, 14, and 20. Title 7, Section 273, Code of Alabama 1940. Refusal of these charges was not error. Requested charges numbered 7 and 15 are "single juror" charges, the refusal of which is not reversible error. Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195; Greyhound Corp. v. Brown, 269 Ala. 520, 113 So.2d 916. Requested charges numbered 22, 23, and 29 were substantially covered in the Court's oral charge, and their refusal was not error. Title 7, Section 273, supra.

## V

Appellants filed a motion in arrest of judgment as follows:

"That the indictment returned against them fails to charge the defendants with a punishable offense."

The trial court overruled this motion.

A motion in arrest of judgment is in Alabama a "delayed demurrer" and should be granted when the count on which the verdict rests completely fails to state a cause of action. Title 7, Section 570, Code of Alabama 1940; City of Birmingham v. Andrews, 222 Ala. 362, 132 So. 877; Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46.

The indictment in this case tracks the statute and contains alternate averments. The averment "other impediment" has been condemned in Johnson v. State, 32 Ala. 583, as being fatally defective but later modified in Prim v. State, 36 Ala. 244, by

stating "fence, bar, or other impediment" must be construed ejusdem generis and "other impediment" is limited to the "same sort" of obstruction as fence and bar. This the court correctly instructed the jury as follows:

"Let me say this to you: Evidence has been admitted in this particular case, gentlemen of the jury, with regard to plowing up the road—alleged plowing up the road—by one of the defendants, Lamar Johnson. I say to you that the obstruction you should use in this case, however, is not the plowing up of the road but whether or not in truth and in fact Lamar and Ernest Johnson have, in fact, obstructed the road by the erection of a fence rather than the plowing up of the road. I think that's contained in one of these charges."

At the conclusion of the court's oral charge, the following proceeding was held:

"THE COURT: What says the State?

"MR. PEARSON: Satisfied.

"THE COURT: What says the defendant?

"MR. BRANTLEY: Satisfied."

▆ An indictment which contains alternative averments, one of which is legally insufficient, is demurrable on that account; but after a general verdict of guilty the defect is not available, even on motion in arrest of judgment. Abrahams v. State, 18 Ala.App. 252, 89 So. 853; Hornsby v. State, 94 Ala. 55, 10 So. 522.

▆ The overruling of the motion in arrest of judgment by the trial court was not error.

After review of the entire record under Title 15, Section 389, Code of Alabama 1940, we conclude that the judgment below is due to be affirmed.

The foregoing opinion was prepared by Judge ROBERT M. PARKER, Seventh Judicial Circuit, temporarily on duty on the Court pursuant to Subsection 4, Section 38, Title 13, Code of Alabama 1940, as amended. The Court has adopted his opinion as its own.

The judgment below is

Affirmed.

All the Judges concur.