316 So.2d 720

### Katie Ann CANADY

v.

### STATE.

### 6 Div. 938.

Court of Criminal Appeals of Alabama.
July 29, 1975.

Sherman B. Powell, Decatur, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for ten years.

In argument in brief and as pointed out in appellant's assignment of error, she relies for a reversal mostly on her claim that the verdict of the jury was against the preponderance of the evidence and that the State did not carry the burden cast upon it of proving the guilt of the appellant beyond a reasonable doubt. She cites several cases upholding the well-established principles of law involved in this insistence of error. We have no disagreement with the principles set out in the authorities cited but in our opinion they are not decisive of the issues before us on this appeal.

Further authority with regard to the law of self-defense is cited in briefs and what we have said above also applies to her insistence along this line.

Nowhere in the record do we find that the appellant made a motion to exclude the testimony of the State, she did not request the affirmative charge in writing, no exceptions were reserved to the oral charge of the court, nor was there a motion for a new trial made. In this state of the record the questions with regard to the weight of the testimony of the State and that offered under the plea of self-defense are not before this court for a review. *Eady v. State,* 48 Ala.App. 726, 267 So.2d 516; *Robinson v. State,* 46 Ala.App. 684, 248 So.2d 583; *Robinson v. State,* 44 Ala.App. 206, 205 So.2d 524.

Stated another way, on appeal our review is limited to those matters on which a ruling or action of the trial court was invoked at nisi prius. *Johnson v. State,* 49 Ala.App. 389, 272 So.2d 597.

There were few objections to the testimony and after a careful examination, we have found no substantial error in the rulings of the trial court thereon.

Several objections to the argument of the district attorney were made by the appellant. In several instances the argument objected to is not set out in the transcript. We are, therefore, unable to review the trial court's action. Other rulings by the court on objections to argument are set out in the record but were favorable to the appellant.

Appellant made a motion for a mistrial, which was overruled by the court.

The motion was apparently based upon an admonition of the district attorney in argument, calling for law enforcement in Cullman County. We see no error in the court's action. It further appears that the actual argument is not set out in the record but only recounted by the attorney for the appellant after the jury had retired. This in our opinion was not proper procedure.

In deference to the seriousness of the case and the well written briefs filed by the attorneys in the case, we will say we have carefully read the record and that in our opinion a question of fact was made under the testimony which was properly submitted to the jury for its consideration. We see no reason to extend this opinion by recounting the details of the testimony since, as said above, it is not actually before us for consideration. The case is due to be affirmed.

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.