390 So.2d 1131 (1980)
Roy Frank CLEMENTS, alias Roy F. Clements, alias Roy Clements
v.
STATE.
7 Div. 739.
Court of Criminal Appeals of Alabama.
August 19, 1980.
Rehearing Denied October 28, 1980.
*1132 Myron K. Allenstein and Charles C. Hart, Gadsden, for appellant.
Charles A. Graddick, Atty. Gen., and J. Anthony McLain and James F. Hampton, Sp. Asst. Attys. Gen., for appellee.
BOWEN, Judge.
The defendant was indicted for the first degree murder of Dora Mae Ford. Sentence was life imprisonment.

I
The defendant was originally indicted and convicted under the Alabama Death Penalty Act for the robbery and first degree murder of Dora Mae Ford. He was sentenced to death. Clements v. State, 370 So.2d 708 (Ala.Cr.App.1978). This conviction was reversed and remanded on appeal. Clements v. State, 370 So.2d 723 (Ala.1979), on remand, 370 So.2d 730 (Ala.Cr.App.).
The defendant was then tried twice under the original indictment. Each trial resulted in a mistrial when the jury could not agree upon a verdict. Although the defendant states that the second mistrial was granted over his objection, the actual propriety of and necessity for the mistrials are not questioned on appeal. Since there is no record of the occasions of these mistrials, the actions of the trial judge must be presumed proper. After these two mistrials, the defendant was reindicted for murder in the first degree and robbery in a two count indictment. The robbery count was dismissed before trial because of the statute of limitations and the defendant was tried only on the murder charge. A jury convicted him of first degree murder and the trial court sentenced the defendant to life imprisonment. After the defendant's conviction, the Supreme Court of the United States held that the death penalty may not constitutionally be imposed in the manner provided by the Alabama Death Penalty Act. Beck v. Alabama, ___ U.S. ___, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).
The defendant maintains that the "reindictment" provision of the Alabama Death Penalty Act is unconstitutional and violates the constitutional provisions against double jeopardy. We disagree. The act only authorizes the State to do what it can do in any case.
Alabama Code Section 13-11-2(c) provides, in pertinent part:
"The court may enter a judgment of mistrial upon failure of the jury to agree on a verdict of guilty or not guilty or on the fixing of the penalty of death. After entry of a judgment of mistrial, the defendant may be tried again for the aggravated offense, or he may be reindicted for an offense wherein the indictment does not allege an aggravated circumstance."
Section 9 of the Alabama Constitution of 1901 and Alabama Code Section 12-16-233 (1975) give the trial judge the authority and discretion to discharge a jury upon a failure to agree. Parham v. State, 285 Ala. 334, 231 So.2d 899 (1970); Parham v. State, 47 Ala.App. 76, 250 So.2d 613 (1971); Orr v. State, 40 Ala.App. 45, 111 So.2d 627 (1958), affirmed, 269 Ala. 176, 111 So.2d 639 (1959). A jury's inability to agree either on a verdict or punishment is a proper *1133 reason for the declaration of a mistrial. After such a mistrial, the retrial of the defendant is not barred by double jeopardy. Alford v. State, 243 Ala. 404, 10 So.2d 373 (1942); Curry v. State, 203 Ala. 239, 82 So. 489 (1919); Parker v. State, 51 Ala.App. 362, 285 So.2d 526, cert. denied, 291 Ala. 795, 285 So.2d 529 (1973); Willingham v. State, 50 Ala.App. 363, 279 So.2d 534, cert. denied, 291 Ala. 803, 279 So.2d 538 (1973); Powell v. State, 37 Ala.App. 192, 65 So.2d 718 (1953). "A mistrial is no trial." Willingham, 50 Ala.App. at 366, 279 So.2d 534. When the jury fails to agree on a verdict, the whole proceeding is completely nullified and nothing remains which can benefit the defendant. Powell, 37 Ala.App. at 193, 65 So.2d 718.
The fact that a second indictment was filed against the defendant is of no constitutional significance. An indictment is not subject to abatement because another charge is pending against the defendant for the same offense. Howard v. State, 29 Ala.App. 199, 194 So. 853, cert. denied, 239 Ala. 274, 194 So. 857 (1940).
"It is generally held that a grand jury may find a valid indictment notwithstanding another indictment ... against accused for the same offense .... It has been so held, even though accused has been ... tried thereon where the jury have failed to agree, ..."
42 C.J.S. Indictments & Informations § 34a (1944).
* * * * * *
"It is also well settled that the fact that an indictment is pending does not prevent the finding of another indictment for the same act as constituting another or a higher or lesser offense."
42 C.J.S. Indictments & Informations § 34b (1944).
This is not a case where the defendant was convicted of a higher offense on retrial or where the State gained some advantage by the retrial. See Galloway v. Beto, 421 F.2d 284 (5th Cir. 1970); Smith v. State, 253 Ala. 277, 44 So.2d 250 (1950); May v. State, 55 Ala. 164 (1876). This is not a case of prosecutorial manipulation.
The defendant's plea of former jeopardy is without merit. Howard, supra. We find no error in the declaration of the mistrial, the reindictment and the retrial of the defendant.

II
The defendant requested the following written charge:
"INSTRUCTION NO. 33
"Under the felony murder doctrine, if an accused is involved in the commission of one felony and two individuals are killed during the commission of such felony, the accused is guilty of only one charge of murder in the first degree."
The defendant bases his argument on Kilpatrick v. State, 257 Ala. 316, 318, 59 So.2d 61 (1952). However, the entire principle stated in Kilpatrick is correct and reveals the defendant's argument to be without merit.
"Sometimes as a part of a single transaction more than one offense is charged to have been committed. If a person does a single act which results in the injury or death of more than one person, only one offense can be fastened upon him. But if in that occurrence he shoots different persons by different discharges of his firearm, an offense can be fastened separately as to each person so injured or killed, although there was but one transaction, and upon a trial for one such offense the whole transaction is admissible."
III
Count II of the indictment charged the defendant with robbery. Prior to trial this count was dismissed on motion of the defendant because the three year statute of limitations on the crime of robbery had expired. Alabama Code Section 15-3-1 (1975). The defendant contends that since a felony murder was involved and prosecution for the underlying felony (robbery) is barred by the statute of limitations, the defendant cannot be prosecuted for felony *1134 murder. By statute, "There is no limitation of time within which a prosecution must be commenced for any public offense which may be punished capitally, murder in the first or second degree, ..." Alabama Code Section 15-3-5 (1975). Also, by statute, "Every homicide ... committed in the perpetration of, or attempt to perpetrate, any ... robbery, ... is murder in the first degree." Consequently, there is no statute of limitations for a homicide constituting felony murder.
With regard to the defendant's arguments involving the felony murder doctrine, we note that the defendant was indicted for murder in the first degree. The indictment does not specifically charge felony murder.
In giving its oral charge, the trial judge instructed the jury, among other things, on the elements of murder in the first degree and on the principles of accomplice liability. Only in giving some of the written charges requested by the defendant was the jury introduced to the felony murder doctrine. From the record, it appears that the State was content to try the defendant for his actions as an accomplice as it had done and been required to do in the three prior capital cases. Clements, 370 So.2d 708. Since the defendant injected the felony murder doctrine into this case he should not be heard to complain.

IV
The defendant questions the sufficiency of the evidence to support this conviction. The facts of this case are substantially identical to those reported in Clements, 370 So.2d 708. There we found the evidence sufficient to support the verdict. There, under the Alabama Death Penalty Act, the felony murder doctrine could not be applied to supply the intent for the intentional killing necessary in a capital prosecution. As Judge Bookout, in his dissent, noted:
"He [the defendant] could be charged equally with Beck for the murder of Mrs. Ford even though he did not personally do the killing. Under the facts set out in the record, the jury could infer that Clements had reason to know before going to the residence that Beck was sharpening his knife for a killing should such become necessary to effect the planned robbery." Clements, 370 So.2d at 723.
In brief, the defendant states, "Defendant would agree with Judge Bookout's assessment of the evidence...."
We need not delve into the differences between felony murder versus accomplice liability. Ex parte Ritter v. State, 375 So.2d 270, 273-4 (Ala.1979). A review of the record convinces us that the facts present a question for the jury and are sufficient to support a conviction for murder in the first degree.

V
As part of its case in chief the State called the defendant's ex-wife to the witness stand. All that occurred in the jury's presence is as follows:
"MR. RAYBURN [District Attorney]: Judge, the State now calls Deborah Ann Clements.
"(Whereupon, the following proceedings were had at the bench, in the presence of but outside the hearing of the jury, as follows:)"
Defense counsel requested a recess so he could research the law on a wife's testimony against her former husband.
Then, in the judge's chambers, the witness invoked her privilege not to testify. Defense counsel's motion for a mistrial because the witness was called in open court was denied, the trial judge specifically finding that no prejudice had occurred. We find no showing of prejudice. This Court will not interfere with the trial court's exercise of discretion in declaring a mistrial unless there is a clear abuse of that discretion. Woods v. State, 367 So.2d 982 (Ala. 1978).
The prosecutor made no comment upon the failure of the wife to testify. Billingsley v. State, Ala.Cr.App., 7 Div. 710 (Ms. April 22, 1980); see also, Shockley v. State, 335 So.2d 659 (Ala.Cr. App.), affirmed, 335 So.2d 663 (Ala.1973).

*1135 VI
The defendant pled guilty to the first degree murder of Roy Malone who was killed in the same incident as Mrs. Ford. The defendant was sentenced to life imprisonment on that guilty plea. That conviction and sentence did not preclude a consecutive sentence for the murder of Mrs. Ford. The two murders were sufficiently distinguishable to permit the imposition of consecutive punishments. Clift v. State, 352 So.2d 838 (Ala.1977).

VII
The defendant contends that his confession should not have been admitted because his arrest was illegal in that (1) he was arrested merely on suspicion without probable cause and (2) because he was arrested at his home without a warrant.
Before the defendant was arrested, Gilbert Beck, his partner in crime, had already been placed in custody. The investigating officers had been at Beck's house and seen his truck with bloodspots on the floorboard. While it does appear that they received some information from Mary Ann Thrasher Ledbetter, the woman who had been living with Beck, the record does not disclose what this information consisted of and whether it was received before or after the defendant's arrest. In short, the record contains no explanation of how the investigating officers connected the defendant to Mrs. Ford's murder. More specifically, the record contains no showing that the officers had probable cause to arrest him.
Taking a person into custody for questioning on less than probable cause to arrest violates the Fourth Amendment to the United States Constitution. Confessions obtained during such detention are inadmissible even if the Fifth Amendment has been complied with unless there has been a sufficient break in the causal connection between the illegality of the arrest and the confession. Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).
From the record, it is apparent that the prosecutor and the trial judge assumed that the officers had probable cause to arrest the defendant. This assumption is understandable in light of the fact that this was the fourth time that the defendant had been tried for the intentional killing of Mrs. Ford. Yet, while it clearly appears that the officers had reason to believe that a felony had been committed, the record does not show what reasons they had to believe that the defendant was involved. In the absence of such proof, his statement given after his arrest was inadmissible. Dunaway, supra.
However, the record does not show that the officers did not have probable cause to arrest the defendant. If it did, this case would have to be reversed. The record is deficient in that it simply does not reflect what probable cause, if any, existed. The trial court never made a specific ruling on the existence or lack of probable cause. For this reason, we remand this cause to the Circuit Court with instructions that a hearing be held to determine whether the officers had probable cause to arrest the defendant. If agreeable to the defendant, this determination may be made upon the facts as stipulated by the parties.
Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. Since the major purpose of Payton is "to deter official invasions of individual privacy protected by the Fourth Amendment" and not "to overcome an aspect of the criminal trial that substantially impairs its truthfinding function", we hold that Payton is not retroactive for the reasons stated in Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).
REMANDED WITH DIRECTIONS.
All Judges concur.

*1136 ON RETURN TO REMAND
BOWEN, Judge.
The record submitted to this Court in response to our direction shows without question that the law enforcement officers had ample probable cause to arrest the defendant. The application for rehearing is overruled and the judgment of the Circuit Court is affirmed.
APPLICATION FOR REHEARING OVERRULED;
AFFIRMED.
All Judges concur.