ADAMS, Justice.
The Office of General Counsel of the Alabama State Bar (the “OGC”) appeals from a summary judgment entered by the Disciplinary Board of the Alabama State Bar (the “Board”) in favor of Walter B. Chandler III in a disciplinary proceeding initiated against him by the OGC. We affirm.
On January 17, 1985, Walter Chandler, pursuant to an agreement to represent James Stephens, received from Stephens a $12,500 retainer. On February 27, 1985, Stephens notified Chandler that his services were no longer required and that he was employing new counsel. In that letter, Stephens also requested an itemized accounting of Chandler’s services and a refund of the unearned portion of the retainer. Chandler responded with a letter dated March 8, 1985, in which he agreed to supply Stephens’s file to his new counsel but stated that the $12,500 retainer was “absolutely non-refundable.”
Beginning in November 1990, Chandler received a number of telephone calls from Stephens’s attorney, William Ellis, requesting a refund of the retainer. On January 10, 1991, Chandler wrote to Ellis, reiterating his contention that the $12,500 retainer was “absolutely non-refundable.”
On July 18, 1991, the OGC petitioned the Board for disciplinary action against Chandler. The complaint charged that Chandler had violated, inter alia, Disciplinary Rules DR 2-lll(A)(3)[1] and DR 9-102(B)(3)[2] of the Code of Professional Responsibility of the Alabama State Bar, by refusing to account for funds and failing to refund the unearned retainer. (That Code was superseded by the Alabama Rules of Professional Conduct effective January 1, 1991.) Chandler moved for a summary judgment on the grounds that the disciplinary action was barred by the six-year limitations period contained in Rule 31 of the Alabama Rules of Disciplinary Procedure (Interim),[3] *1048 which had become effective January 1, 1991. On April 10, 1992, the Board granted the motion.
On appeal, the OGC argues that Chandler’s refusal to comply with the disciplinary rules constituted a “continuing offense.” Against such an offense, it contends, the six-year limitations period of Rule 31 does not begin until “the lawyer has complied ... or until the client no longer requests compliance.” Brief of Appellant, at 9. We disagree.
“In contrast to the instantaneous nature of most crimes, a continuing offense is one which consists of a course of conduct enduring over an extended period of time. Note, Statute of Limitations in Criminal Law: A Penetrable Barrier To Prosecution, 102 Pa.L.Rev. 630, 641-642 (1954).” John v. State, 96 Wis.2d 183, 188, 291 N.W.2d 502, 505 (1980). “Even if the initial unlawful act may itself embody all of the elements of the crime, the criminal limitations period commences from the most recent act.” 96 Wis.2d at 188, 291 N.W.2d at 505.
Because the continuing offense concept, by extending limitations periods, conflicts with the policies and principles on which limitations periods are based, the concept “should be applied in only limited circumstances,” Toussie v. United States, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970) (refusal t6 register for the draft not a continuing offense), such as when required by the “explicit language of the substantive criminal statute,” id. at 115, 90 S.Ct. at 860, or by the inherent “nature of the crime involved.” Id. Neither of these circumstances is present in this case.
For example, unlike statutes that, in criminalizing the “possession” of stolen property, use terminology expressing present tense or continuous action, see, e.g., State v. Lawrence, 312 N.W.2d 251 (Minn. 1981), the provision in DR 2-111(A)(3) requiring a withdrawing lawyer to refund “promptly” an unearned fee expresses the intent to trigger the limitations period by the lawyer’s refusal to provide an accounting and a refund within a reasonable time after his withdrawal or termination. Also, the offense arising from noncompliance with DR 2-111(A)(3) and DR 9-102(B)(3) differs fundamentally in nature from the offense of nonsupport of legal dependents. See, e.g., Gargis v. State, 29 Ala.App. 203, 194 So. 429 (1940); Wynn v. State, 18 Ala.App. 397, 92 So. 520 (1922). Unlike a parent, who incurs new responsibility to dependents each day to provide the sustenance necessary for day-to-day existence, an attorney incurs no new responsibility to the client following discharge or withdrawal. Similarly, the liability for violations of DR 2-111(A)(3) and DR 9-102(B)(3) is, for purposes of the limitations period, not renewed periodically by requests for an accounting and a refund.[4]
In this case, it is undisputed that the disciplinary action was commenced more than six years after Chandler’s refusal to refund a portion of the retainer. The action was thus barred by the limitations provision of Rule 31, and the judgment of the Board is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. DR 2-111(A)(3) provided: "A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

. DR 9-102(B)(3) provided:
"(B) A lawyer shall:
[[Image here]]
"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.”

.Rule 31 provides:
"Formal disciplinary proceedings before the Disciplinary Board must be instituted by the filing of formal charges within six (6) years from the accrual of the offense, provided that proceedings seeking discipline based upon fraud by a lawyer or for an offense the discovery of which has been prevented by concealment by the accused lawyer shall not be barred until the expiration of one (1) year after discovery of the offense by the aggrieved party or the General Counsel.”

. We express no opinion regarding the probability that the disciplinary action would have been successful had it been timely commenced. Certainly, the allegations involved in this case were serious, and, if supported by credible evidence, would have merited such an action. However, limitations periods serve the laudable purposes of encouraging aggrieved parties to assert their rights and protecting defendants from "having to defend themselves against charges when the basic facts may have become obscured by the passage of time." Toussie v. United States, 397 U.S. 112, 114, 90 S.Ct. 858, 860 (1970).