17 So.2d 594

## YATES v. STATE.

### 7 Div. 735.

Court of Appeals of Alabama.

March 28, 1944.

Rehearing Denied April 18, 1944.

Chas. Douglass, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, tried de novo, after appealing to the circuit court from a conviction in the county court, for the offense of violating the prohibition laws by having whiskey in his possession, was assessed a fine by the jury, properly sentenced for the payment thereof, and given an additional sentence by the court to serve imprisonment at hard labor for the county for the term of twelve months. Code 1940, Title 29, Secs. 98, 99.

Upon his appeal from the county court to the circuit court, or shortly thereafter, he filed his plea of "not guilty." When the case came on for trial, some weeks later, in the circuit court, he, without withdrawing, or attempting to withdraw, his plea of "not guilty," filed what he construed to be a plea of "former jeopardy." It is not so easy for us to construe the said plea; and we think it was subject to more than one of the grounds of demurrer interposed by the State. But it will be enough to say that the demurrers were properly sustained because the plea in question came too late.

In our opinion in the case of Alexander v. State, 27 Ala.App. 593, 176 So. 835, we said—and here repeat—"it is well settled that a plea of 'former jeopardy' will not be considered unless it is filed before the interposition of the plea of 'not guilty.'" We think that statement is fully supported by the authorities. See Johnson v. State, 134 Ala. 54, 32 So. 724; Rickles v. State, 68 Ala. 538; and other cases cited on State's brief in this case.

The testimony, while conflicting, was yet ample to sustain the verdict of the jury. Of course, then, it was not error to refuse to give to the jury at appellant's request the general affirmative charge to find in his favor; nor to overrule his motion to set their verdict aside and grant to him a new trial.

The ninth headnote to the report of the case of Law v. State in 238 Ala. 428, 191 So. 803, epitomizes, we think, the rule prevailing in this State as to the imposition of punishment, either by juries or the court. It is in these words, viz.: "Generally, punishment is imposed for crime for twofold purpose of reformation of the convicted offender and a deterrent to others who might be disposed to commit such a crime."

The exceptions to portions of the trial court's oral charge not being shown by the bill of exceptions will of course not be considered by us (Jockisch v. State, 27 Ala. App. 593, 176 So. 826); but the contents of the last next preceding paragraph hereof will demonstrate that there is no merit in said exceptions, anyway.

The exceptions reserved to rulings made on the cross-examination of appellant's witness Turner are without merit. Said rulings were obviously in harmony with the Statute that prevails, it providing that: "The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him. * * *" Code 1940, Tit. 7, Sec. 443. The State, of course, is as much entitled to the benefit of this Statute as any other litigant.

Appellant insists that the punishment imposed of twelve months at hard labor is excessive. But we are unable so to declare.

The Statute prescribing the limits of the punishment to be imposed in cases such as this is found in Code 1940, Title 29, Section 99.

Here there is nothing to indicate whether this is the first, second, or third conviction of appellant for the violation of the provisions of Code 1940, Title 29, Sec. 98—for which conviction or convictions the punishment is prescribed in Code 1940, Title 29, Sec. 99. In such case our Supreme Court has said by undoubted implication—as we would conclude without its utterance—that the trial court may take into consideration a former conviction of (a violation of the provisions of) said section (Code 1940, Title 29, Sec. 98), or any other section (of the prohibition laws), in exer-

cising the discretion to impose the enhanced penalty (provided in Code 1940, Title 29, Sec. 99). Johnson v. State, 222 Ala. 90, 130 So. 777. It is a matter that addresses itself solely to the court, and with which the jury have nothing to do. Mitchell v. State, 22 Ala.App. 300, 115 So. 149.

And where, as here, there appears nothing to indicate otherwise, we will of course assume the court performed its duty and acted in accordance with what it found.

We find nowhere an erroneous ruling for which the judgment of conviction should be reversed. It is affirmed.

Affirmed.