129 So.2d 338

**James Grady WINDHAM**

v.

**STATE.**

4 Div. 446.

Court of Appeals of Alabama.

April 25, 1961.

Allen Cook, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Supernumerary Circuit Sol., Wetumpka, for the State.

HARWOOD, Presiding Judge.

From the record submitted in this appeal, and the affidavits submitted in connection with the motion for a new trial, and stipulations of respective counsel, it appears that this appellant was involved in an automobile collision in which four persons were killed.

Thereafter he was, by four separate indictments, charged with manslaughter in the first degree for each death.

On 13 October 1960, he was arraigned on each indictment and entered a plea of not guilty to each.

For convenience, we will designate these four cases as A, B, C, and D, respectively, the present being case B.

When case B was called for trial, the appellant interposed a plea of autrefois convict, setting up that heretofore he had been tried and convicted in case A, which "was based upon and is of the same matters and transactions as is alleged in this indictment or prosecution of which he is now charged." This plea was in all respects regular, and we will not set it out.

The solicitor moved to strike the plea of autrefois convict, which motion was granted by the court below.

Appellant's trial resulted in a verdict and judgment of guilty of manslaughter in the first degree, and imposition of a sentence of imprisonment in the penitentiary for a term of five years.

Where the same act, design, and impulse results in the killing of more than one

person, it is nevertheless but one act with one single crime resulting. Hurst v. State, 24 Ala.App. 47, 129 So. 714. Such killings result from but a single mens rea.

As a corollary to this rule it has been held in two recent automobile death cases, Holmes v. State, 40 Ala.App. 251, 112 So. 2d 511, and Nixon v. State, 268 Ala. 101, 105 So.2d 349, that charging in a single count of an indictment that more than one person was killed as a result of the same act, does not render the count duplicitous.

■ In his brief attempting to sustain the lower court's ruling striking the plea of autrefois convict, the Attorney General argues that no error resulted in the ruling since the appellant had previously interposed a plea of not guilty and therefore the special plea of autrefois convict should not be allowed. Ordinarily this rule prevails, Alexander v. State, 27 Ala.App. 593, 176 So. 835; Yates v. State, 31 Ala.App. 404, 17 So.2d 594, in that a plea in bar waives matters in abatement. See 6 Ala.Dig.Crim. Law ⊚⇒280(2).

■ In the present case, this appellant could not have interposed a plea of autrefois convict at the time he was arraigned on the four indictments and entered his respective pleas of not guilty. There had been no trial or conviction on any of the indictments.

Thereafter he was tried and convicted in case A.

When put to trial in case B, the present case, he entered his plea of autrefois convict based on the judgment in case A.

As before stated, the reason for the rule that one cannot ordinarily enter a plea of former jeopardy after a plea of not guilty, is that the entering of the plea of not guilty is deemed a waiver of special defensive matters.

Where the foundation for a rule is nonexistent, the rule falls.

The essential elements of a waiver are the existence, at the time of the alleged waiver of a right, advantage, or benefit, knowledge, actual or constructive, of the existence thereof, and an intention to relinquish such right, benefit, or advantage, 56 Am.Jur., Waiver, Sec. 12.

It necessarily follows that one cannot waive a right not in existence at the time of the alleged waiver.

It would be wrong and unjust to hold that this appellant be deemed to have waived his right to enter his plea of autrefois convict by entering a plea of not guilty to the four indictments at the time of his arraignment, at which time no basis for a plea of autrefois convict was in existence.

For the reasons set forth, this judgment is due to be reversed.

Reversed and remanded.