159 So.2d 71

**Earl GANDY**

v.

**STATE.**

**6 Div. 944.**

Court of Appeals of Alabama.

Aug. 27, 1963.

Rehearing Denied Oct. 8, 1963.

Wm. Conway, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

From the record it appears that on April 9, 1959, a grand jury of Jefferson County, Alabama, returned three separate indictments against appellant, as follows: 1. Case No. 404, charging robbery of Douglas Goodwin; 2. Case No. 452, charging robbery of Dewey G. Patterson; and 3. Case No. 403, charging assault with intent to murder Otis Hill.

On April 17, 1959, in case no. 404, appellant, upon being arraigned, pleaded not guilty.

On May 25, 1959, appellant withdrew his pleas of not guilty in cases no. 452 and 403, waived jury trials, pleaded guilty to larceny from the person in case 452, and was sentenced to imprisonment for three years, and in case no. 403, he pleaded guilty to the indictment and was sentenced to imprisonment for three years.

In brief the Attorney General states that appellant's original sentence on May 25, 1959, to imprisonment for ten years on his plea of guilty to the indictment in case no. 404, the case now before us, was not fixed by a jury and was set aside on August 13, 1962, by the trial court which ordered him returned for proper sentence.

In his reply brief appellant's counsel insists the record does not sustain the above

allegation of the Attorney General, and that the record affirmatively shows that upon arraignment defendant pleaded not guilty and the record fails to show the plea was ever withdrawn.

The record does not specifically show that the previous sentence was set aside, but the judgment entry recites that the defendant, on May 25, 1959, pleaded guilty to robbery under this indictment, and the record affirmatively shows the proceedings on the 28th of January, 1963, were for the purpose of fixing the punishment by a jury, as is provided in capital cases, Sec. 70, Title 30, Code 1940.

At the hearing on January 28, 1963, defendant's counsel objected to going to trial without defendant's being rearraigned, and interposed a plea of autrefois convict. The solicitor's motion to strike the plea was granted by the court.

█ The plea of former jeopardy was filed after the defendant pleaded to the indictment and came too late. Yates v. State, 31 Ala.App. 404, 17 So.2d 594; Alexander v. State, 27 Ala.App. 593, 176 So. 835.

There was no necessity for a second arraignment. Turner v. State, 266 Ala. 250, 96 So.2d 303; Powell v. State, 37 Ala.App. 192, 65 So.2d 718.

Defense counsel argues that the evidence taken at the hearing shows that a crowd of men were shooting craps in the woods near Coalburg; on February 4, 1959, when defendant and three others, all of whom were armed, "stuck them up;" that it appears that all the victims were robbed on this occasion and during the robbery defendant struck Otis Hill with a pistol for which he was indicted for assault with intent to murder; that appellant was also indicted for the robbery of Dewey G. Patterson and Douglas Goodwin; that there was but one act with one single crime resulting, and there could be only one conviction and that defendant had been convicted in Case No. 452, growing out of the robbery of Dewey Patterson, and that he could not have interposed a plea of autrefois convict at the time he was arraigned on the three indictments and entered his pleas of not guilty, citing Windham v. State, 41 Ala. App. 280, 129 So.2d 338.

█ To sustain a plea of former jeopardy the criminal act of which the accused has been acquitted or convicted must be the same in law and fact as the one for which he is being again prosecuted. Shirley v. State, 35 Ala.App. 639, 51 So.2d 702.

█ The test of former jeopardy is whether the evidence necessary to sustain the second indictment would have been sufficient to secure a legal conviction on the first. Brown v. State, 30 Ala.App. 27, 200 So. 630, cert. den. 240 Ala. 589, 200 So. 634.

In State v. Hoag, 35 N.J.Super. 555, 114 A.2d 573, affirmed 21 N.J. 496, 122 A.2d 628, the question presented was "whether in the one criminal undertaking now commonly characterized as a 'hold-up,' a defendant who was acquitted of robbing A, B, and C can be thereafter indicted and prosecuted for robbing D." The court said:

"Neither the identical act nor the same evidence norms avail the defendant in the present case. Conceivably the one act of brandishing a pistol in a menacing manner might have simultaneously placed Cascio, Capezzuto, Galiardo, and Yager in a state of fear and intimidation, but to constitute robbery, the act must necessarily be complemented by the additional and successive act of taking 'from the person of another, money or personal goods and chattels, * * *.'

"At his former trial the defendant was not charged with placing Yager in fear and taking any money or personal property from him. Surely evidence that the defendant robbed Yager would not be necessary to establish his guilt of robbing Cascio, Capezzuto, and Galiardo. The robbing of Yager was not an essential ingredient or legally

integral part of the alleged offenses of robbing the other three."

In People v. Lagomarsino, 97 Cal.App.2d 92, 217 P.2d 124, it was stated:

"Whatever conflict may exist in the cases involving offenses against property, when we come to offenses against persons, there is more unanimity. Particularly is this true of robbery cases, the offenses here involved. The majority, and certainly the better rule, is that there is a separate offense committed against each person robbed. Obviously, a robbery of several persons, where property is removed from each person, involves a separate act and a separate intent toward each victim."

The facts which appellant insists are presented by the record show an entirely separate and distinct offense with respect to each victim. The defense of double jeopardy was not available to the accused.

We find no reversible error in the record.

The judgment is affirmed.

Affirmed.