Don Lee **HANCOCK** et al., Plaintiffs-Appellants,

v.

**Harry S. AVERY** et al., Defendants-Appellees.

No. 71-1203.

United States Court of Appeals, Sixth Circuit.

Jan. 5, 1972.

Richard E. Rudesill, Nashville, Tenn., for plaintiffs-appellants.

C. Hayes Cooney, Asst. Atty. Gen., Nashville, Tenn., for defendants-appellees; David M. Pack, Atty. Gen., of counsel.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from judgments dismissing actions for damages and other relief sought pursuant to 42 U.S.C. § 1983 by inmates of the Tennessee State Penitentiary at Nashville. The District Court found that plaintiffs-appellants failed to prove any injury, loss, or damage as a consequence of their confinement in a "dry cell" which had been maintained as a disciplinary adjunct of defendants-appellees' maximum security facility.

Plaintiffs-appellants' request for injunctive relief was considered earlier, and in an opinion reported at 301 F.Supp. 786 (M.D.Tenn.1969), it was determined that confinement in the dry cell under the conditions described therein offended the Eighth Amendment guarantee against cruel and unusual punishment. An injunction against the continuation of this practice was ordered. Thereafter the court proceeded to consider the prayer for damages which resulted in the judgment from which this appeal was taken.

In that judgment, the District Court found that following the earlier opinion and order, the prison officials eliminated the dry cell and have complied with the order in minute detail. Those findings and the finding that plaintiffs had failed to sustain their burden of proving damages are not clearly erroneous. Fed.R.Civ.P. 52(a).

The court expresses its appreciation to Richard E. Rudesill, Esq., of the Nashville, Tennessee, Bar, who, without compensation, at the appointment of the court below and of this court, represented the indigent plaintiffs-appellants with dedication and skill.

Affirmed.