Charles **JONES** et al., Plaintiffs-Appellees,

v.

William **METZGER**, Homer Roberts, Defendants-Appellants.

No. 71–1865.

United States Court of Appeals, Sixth Circuit.

March 14, 1972.

Anthony G. Pizza, Asst. Pros. Atty., Toledo, Ohio, for defendants-appellants; Harry Friberg, Pros. Atty., Toledo, Ohio, on brief.

Stanley A. Bass, New York City, for plaintiffs-appellees; Frank S. Merritt, R. Michael Frank, John A. Harris, III, Merritt W. Green, Gerald B. Lackey, Francis X. Gorman, Marshall R. Desmond, Toledo, Ohio, on brief.

Before PECK and McCREE, Circuit Judges, and KINNEARY*, District Judge.

McCREE, Circuit Judge.

This is an appeal from a judgment in an action commenced by prisoners in the Lucas County, Ohio, jail, on behalf of themselves and persons who are or may be confined in the jail, against the Lucas County Board of Commissioners, the county sheriff, the keeper of the jail, and the Toledo Superintendent of Plumbing. The suit was brought under 42 U.S.C. § 1983, and sought injunctive, declaratory, and monetary relief on the basis of alleged violations of plaintiffs' rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

Following a hearing, the District Court, in a well-reasoned and comprehensive memorandum, made detailed findings concerning the conditions in the jail, 323 F.Supp. 93 (N.D.Ohio 1971), and those findings have not been attacked in this appeal. Essentially, the court determined that conditions in the jail were impermissibly archaic and oppressive. He held that persons confined therein who had been convicted of crimes were being subjected to cruel and unusual punishment in violation of the Eighth Amendment and that others who were confined in default of bail were being deprived of their liberty without due process of law.

The court then took additional testimony for the purpose of framing proper relief. Based upon this testimony, the court issued another extensive opinion that minutely detailed remedial action to be taken by the defendants. 330 F. Supp. 707 (N.D.Ohio 1971).

This appeal has been taken only by the Lucas County sheriff and the deputy who is in charge of the jail. They do not dispute the court's factual findings, but they contend, first, that the court should have abstained from assuming jurisdiction over the case since the subject matter was more properly the concern of the state courts and plaintiffs had failed to exhaust state remedies (although appellants do not specify what those remedies might be). Defendants also assert that the court abused its discretion in ordering actions such as the re-assignment of the sheriff's employees to provide more guards in the jail and the re-allocation by the sheriff of the moneys appropriated to his department to improve the physical conditions in the jail. We perceive no merit in these contentions.

With respect to the first argument, we recognize that courts, especially federal courts, should be reluctant to become involved in the internal administration of state prisons. However, we are impressed that the district court very carefully considered the delicate balance of federal-state relations, as well as the relationship between the judicial and executive branches of our system of government, before deciding to intervene. The court stated that

[i]t is well-settled that the administration of state detention facilities is a state function. Federal courts have a natural reluctance to interfere with such administration and will intercede only where paramount federal constitutional or statutory rights supervene. [Citations omitted.] Prisoners do not lose all of their constitutional rights when they enter a penal institution. Rather they retain all of their constitutional rights except for those which must be impinged upon for security or rehabilitative purposes. [Citations omitted.]

323 F.Supp. at 98. Moreover, the court observed that various county grand juries and civic and professional groups

---

* Honorable Joseph P. Kinneary, United States District Judge, sitting by designation.

have criticized the operation of the Lucas County jail in past years, yet no changes have been made. And, the court found that responsibility for the operation of county jails is "badly fragmented" in Ohio and that the duties imposed by law on the various state officials with respect to these jails have been disregarded. 323 F.Supp. at 97–98. In light of these findings, together with the uncontradicted expert testimony offered by appellees that demonstrated that the Lucas County jail was "outstandingly bad from every standpoint," 323 F.Supp. at 97, the court held that abstention was not warranted in this case.

■■ We agree that appellees should not have been required to exhaust any administrative remedies that may have been available to them. Claims for relief under the federal civil rights acts are not subject to exhaustion requirements. Indeed, the Supreme Court has recently reaffirmed this principle in the context of a prison case, the Court stating that "[t]he remedy provided by these Acts is 'supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked.'" Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed. 2d 418 (U.S. Dec. 14, 1971), quoting Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Prisoners are entitled to the same consideration afforded other civil rights litigants. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (U.S. Jan. 13, 1972); Hancock v. Avery, 301 F.Supp. 786 (M.D.Tenn.1969), aff'd on other grounds, 452 F.2d 1214 (6th Cir. Jan. 5, 1972).

■ Moreover, appellants misconceive the purpose of the abstention doctrine. Abstention is warranted, under the rule enunciated in Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), when resolution by state courts of an undecided issue of state law may avoid the necessity of reaching a federal constitutional question. Appellants have directed us to no unresolved state law issue the resolution of which would obviate the duty of a federal court to redress the deprivation of fundamental constitutional rights alleged by appellees to have occurred in this case. This, of course, is not surprising, given the findings of the District Court concerning the fragmentation of authority in Ohio with respect to the operation of county jails. Even if a viable option were available to appellees under state law, it is well-established, as the district court observed, that when fundamental civil rights are at issue, federal courts should hesitate to abstain. See McNeese v. Board of Education, 373 U.S. 668, 83 S. Ct. 1433, 10 L.Ed.2d 622 (1963). In these circumstances, we hold that the district court properly assumed jurisdiction over this case.

■ We further hold that the court did not abuse its discretion in requiring defendant sheriff to make certain specified changes in his budget and in his deployment of manpower. The court carefully considered the options available to it, as well as the constraints under which the sheriff must operate, and concluded that these changes were both necessary and appropriate and would not appreciably affect adversely the ability of the sheriff to perform the other duties imposed upon him by law. He also held that in the event substantial administrative obstacles should be encountered, the sheriff could seek modification of so much of the order as might appear necessary. We find no error in this determination.

Affirmed.