Dewey Scott **FRAZIER**, Plaintiff,

v.

John **BISHOP** et al., Defendants.

**Civ. A. No. 2990.**

United States District Court, E. D. Tennessee, Northeastern Division.

Feb. 7, 1974.

---

None for plaintiff.

Luther H. Icenhour, Jr., Bristol, Tenn., and Thomas D. Kerr, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a civil action in which the plaintiff Mr. Dewey Scott Frazier claims damages for the deprivation of his rights against cruel and unusual punishment, Constitution, Eighth Amendment, and guaranteeing him the equal protection of the laws, Constitution, Fourteenth Amendment, by the defendants who were acting under color of Tennessee law. 42 U.S.C. § 1983. This Court has jurisdiction of the subject matter. 28 U.S.C. § 1343(4). Trial was to the Court on February 5, 1974.

Mr. Frazier claims that, while he was a temporary inmate of the Sullivan County, Tennessee jail during the period, November 15–25, 1972, inclusive, as a nonworking prisoner, he was subjected to cruel and unusual punishment, by being placed in a cell overflowing with human waste, being fed an improper diet, and by being denied proper medical treatment, and that the defendant Mr. John H. Bishop, Sr., sheriff of such county, and the defendant Mr. Clyde Baldwin, as a jailer thereof, were re-sponsible for such deprivations. It is stipulated that Messrs. Bishop and Baldwin were acting under color of Tennessee law during the pertinent period, and that Mr. Frazier was so confined in such status during the period claimed.

Mr. Frazier testified that he was in good health when he began to occupy, with four other inmates, cell no. 7 of such institution; that two meals daily were served him which "possibly" included meat and vegetables but which were uncooked, in small portions, and were always cold; that he has been in this jail 12 to 15 times; that when the toilet in cell no. 8 is flushed, the commode in cell no. 7 must be flushed to cause the waste to run through a main sewer line; that, during the period of his incarceration, the commode in cell no. 8 overflowed human waste, which flowed onto the floor of cell no. 7; that the odor therefrom sickened him and resulted in his loss of appetite, except for candy and cookies; that he was unable to eat anything else and lost an undetermined amount of weight; that he felt badly, was depressed and weak; that he saw no styrofoam cups in any plumbing; that the plumbing problem affecting his cell was corrected within two or three days after the problem was reported; that he was examined by a physician, who could not diagnose his illness and provided him with no medication; that, about five months afterward when he had returned to a state prison, he became ill with infectious hepatitis, which caused him pain; that he was provided with medical care during that illness by the state of Tennessee but may incur expense for medical care in the future; and that the damage to his liver from such hepatitis is permanent, resulting in a diminution in his earning capacity.

Evidence offered by the defendants reflected that all nonworking prisoners are served two meals daily, which are prepared by a professional cook, the menus for which are submitted in advance for suggestions to the county physician; that such meals are placed directly from the cooking pots onto trays

which are then delivered by elevator to the cell blocks of the jail, the entire delivery process taking about five minutes; that the entire jail population, averaging 60 to 70 inmates, are served within a period of about 30 minutes; that few substitutions are made on the prepared menus;[1] that four jail trusties mop and sweep all floors of the jail twice daily and scrub the floors on a semi-monthly basis; that the jail is inspected regularly by grand juries and jail committees; and that jailers cause clogged plumbing facilities to be corrected when any such problem comes to their attention.

One of the jailers, Mr. Allen McNew, testified that he had received no complaints about the plumbing facilities from Mr. Frazier in the pertinent period. He stated that on November 22, 1972, he caused two trusties to remove about a half-dozen styrofoam cups from the plumbing in cells nos. 7 and 8, but that there was no appreciable overflow on the floor of cell no. 8. He testified further that he received no complaint from Mr. Frazier or other inmate concerning the food being served in the pertinent period.

The defendant Mr. Baldwin testified that a penal institution-type mattress was torn in half and stuffed into the commode of cell no. 7 on the evening of November 21, 1972, and that it was re- ported to him that evening that cups were in the commode, *supra*. He stated both these conditions were alleviated immediately by removing the foreign bodies and utilizing "Drano." He, Mr. Bishop and Mr. McNew testified that they ate meals from the same source as the prisoners and found them palatable and satisfying.

Dr. J. W. Erwin, the Sullivan County, Tennessee public health physician, testified he was called to examine Mr. Frazier for a bleeding nose and dizziness on November 18, 1972; that his examination disclosed no blood in Mr. Frazier's nose or throat; that his blood pressure, which might have produced vertigo, was a " * * * little low, but normal for an inactive person * * *"; that he found no clinical symptoms indicating hepatitis; and that such symptoms develop about six weeks after infection.

The Court finds from all the evidence and reasonable inferences drawn therefrom that the plaintiff has not proved by the preponderance of the evidence that he was deprived by the defendants of his right against cruel and unusual punishment[2] or that he was denied by them the equal protection of the laws.[3]

The Court concludes accordingly that the plaintiff Mr. Dewey Scott Frazier is entitled to no relief from the defendants, and all relief hereby is denied. Rule 58(1), Federal Rules of Civil Procedure.

---

1. Menus for the period January 3–9, 1972 were exhibited, and witnesses testified that such menus were typical of those for the period, November 15–25, 1972.

2. This action is clearly distinguishable on the facts from *Brenneman* v. *Madigan*, D.C.Cal. (1972), 343 F.Supp. 128, 132–133; *Jones* v. *Wittenberg*, D.C.Ohio (1971), 323 F.Supp. 93, 99 [11], 330 F.Supp. 707, affirmed *sub nom.*, *Jones* v. *Metzger*, Cal.App. 6th (1972), 456 F.2d 854; *Rhem* v. *McGrath*, D.C.N.Y. (1971), 326 F.Supp. 681, 684–688. The other decisions urged by the plaintiff on this issue are inapposite.

   *Hodge* v. *Dodd*, D.C.Ga. (1972), civil action no. 16171 in the United States District Court for the Northern District of Georgia, also urged by the plaintiff, was not available to the Court and a copy was not provided. See local Rule 11(b).

3. There was no evidence presented by Mr. Frazier that he was treated in any different manner than other inmates in his cell and in the institution at the pertinent times, except his claim that he did not receive proper medical attention; indeed, the evidence was all to the effect that all prisoners in his jail were treated the same.

   It was undisputed that Dr. Erwin is a licensed physician of the public health service. His competence and thoroughness in examining Mr. Frazier are questioned by no one other than the prisoner. Therefore, *Newman* v. *State of Alabama*, D.C.Ala. (1972), 349 F.Supp. 278, is inapposite on the facts.