**Worley JAMES et al., Plaintiffs,**

v.

**George C. WALLACE, Individually and in his official capacity as Governor of Alabama, et al., Defendants.**

**Civ. A. No. 74–203–N.**

United States District Court,
M. D. Alabama, N. D.

Sept. 30, 1974.

George Peach Taylor, University, Ala., for plaintiffs.

William J. Baxley, Atty. Gen., and William M. Bowen, Jr., Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendants.

## ORDER

JOHNSON, Chief Judge.

This is a class action[1] brought by six named inmates of the Alabama Correctional Institutions System presently incarcerated in the Holman Maximum Security Unit located at Atmore, Alabama. These plaintiffs sue on their own behalf and on behalf of all inmates[2] presently incarcerated in units of the Alabama Correctional Institutions System[3] as a result of felony convictions.

---

1. This action was commenced by the filing of a *pro se* complaint by the plaintiff Worley James. The amended complaint, filed by Mr. James' court-appointed counsel, added five additional plaintiffs and changed the suit into a class action.

2. Approximately 4,000 in number.

3. The Alabama Correctional Institutions System operates the Medical and Diagnostic Center, Mount Meigs, Alabama; Atmore Prison Farm, Atmore, Alabama; Holman Maximum Security Unit, Atmore, Alabama; Draper Correctional and Pre-Release Center, Elmore, Alabama; Julia Tutwiler

The defendants are the Governor of the State of Alabama; the Warden of the Medical and Diagnostic Center at Mount Meigs, Alabama; the Commissioner of Corrections; and the members of the Board of Corrections of Alabama. Each is sued individually and in his official capacity.

Plaintiffs seek declaratory and injunctive relief to redress alleged deprivations of the rights, privileges, and immunities guaranteed to them and to members of the class they represent by the Eighth and Fourteenth Amendments to the Constitution of the United States. Specifically, they contend that their continued confinement in the state's correctional institutions under the conditions set forth in the amended complaint, and without being afforded the opportunity for treatment, reformation or rehabilitation, violates the Eighth and Fourteenth Amendments. Plaintiffs assert claims arising under 42 U.S.C. § 1983 and invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1343, 2201, and 2202.

The case is now submitted upon defendants' motion to dismiss the amended complaint, plaintiffs' opposition thereto, briefs of the parties, and oral argument on the motion.

■ The motion to dismiss the claims against the defendant George C. Wallace is not well taken. While it is correct that the governor has a qualified immunity from damage suits arising under 42 U.S.C. § 1983 for acts undertaken within the sphere of his executive authority, Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974); Martone v. McKeithen, 413 F.2d 1373, 1375 (5th Cir. 1969), the governor may not interpose his official capacity as a bar to injunctive and declaratory relief. Williams v. Eaton, 443 F.2d 422, 428 (10th Cir. 1971); Sims v. Amos, 340 F. Supp. 691, 694 (M.D.Ala. 1972), af-

firmed, 409 U.S. 942, 93 S.Ct. 290, 34 L. Ed.2d 215 (1972).

■ Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is likewise unavailing. For purposes of this motion, the Court is guided by the principle that

. . . a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The allegations of the amended complaint can be read to assert several different theories which plaintiffs contend warrant the relief requested. First, the amended complaint claims that the state's failure and refusal to provide facilities, programs, and personnel for the treatment and rehabilitation of persons confined in the state's correctional institutions constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

■ Because the Eighth Amendment "must be capable of wider application than the mischief which gave it birth," Weems v. United States, 217 U.S. 349, 373, 30 S.Ct. 544, 551, 54 L.Ed. 793 (1910), and "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society," Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958), this Court does not feel compelled by the doctrine of *stare decisis* to reject plaintiffs' claim that they are constitutionally entitled to the opportunity for rehabilitation merely because other courts which have considered the question have answered it negatively. See, *e. g.*, Smith v. Schneckloth, 414 F.2d 680, 682 (9th Cir. 1969); *cf.* White v. Sullivan, 368 F.Supp. 292, 295 (S.D.Ala.

Prison for Women, Wetumpka, Alabama; Cattle Ranch, Greensboro, Alabama; No. 4 Honor Camp, Montgomery, Alabama; and

approximately twelve (12) road camps located throughout the state.

1973); Wilson v. Kelley, 294 F.Supp. 1005, 1012 (N.D.Ga.1968), affirmed per curiam, 393 U.S. 266, 89 S.Ct. 477, 21 L.Ed.2d 425 (1969).[4]

■ Nevertheless, this Court is compelled to reject plaintiffs' claim of absolute entitlement to the provision of rehabilitative services on the ground that persons convicted of felonies do not acquire by virtue of their conviction a constitutional right to services and benefits unavailable as of right to persons never convicted of criminal offenses. So long as treatment, rehabilitation, and reformation services and facilities may not be demanded of the state as of right by her free citizens, this Court is unpersuaded that such services may be demanded by convicted felons.

■ Plaintiffs' amended complaint, however, advances other theories and allegations which do state cognizable claims and which, if proved, would entitle them to relief:

■■ (1) On the basis of the allegations set forth, plaintiffs would be permitted to introduce evidence tending to show that the defendants, or some of them, have prohibited members of the plaintiff class from, or refused to allow them, the opportunity to rehabilitate themselves by means not inconsistent with the orderly operation of the correctional system. It is now well settled that prisoners do not lose all their constitutional rights when they enter penal institutions, Washington v. Lee, 263 F. Supp. 327, 331 (M.D.Ala.1966), affirmed per curiam, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968), and that

"they retain all of their constitutional rights except for those which must be impinged upon for security or rehabilitative purposes." Jones v. Wittenberg, 323 F.Supp. 93, 98 (N.D.Ohio 1971), affirmed sub nom. Jones v. Metzger, 456 F.2d 854 (6th Cir. 1972); *cf.* Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Gates v. Collier, 501 F.2d 1291 (5th Cir. 1974). Consequently, in order for a prisoner to be deprived of the opportunity to undertake rehabilitative measures at his own initiative, the state must provide a rational justification for such deprivation.

■ (2) Plaintiffs allege that defendants have failed and refused to eliminate those conditions which make impossible the treatment, rehabilitation, and reformation of those persons committed to the Alabama Correctional Institutions System. It has been recognized that the concept of "cruel and unusual punishment" is not limited to instances in which a prisoner is subjected to individual punishment or abuse. Rather,

. . . confinement itself within a given institution may amount to a cruel and unusual punishment prohibited by the Constitution where the confinement is characterized by conditions and practices so bad as to be shocking to the conscience of reasonably civilized people even though a particular inmate may never personally be subject to any disciplinary action.

Holt v. Sarver, 309 F.Supp. 362, 372–373 (E.D.Ark.1970), affirmed, 442 F.2d 304 (8th Cir. 1971).

---

4. Despite the fact that no court has yet held that there is an absolute constitutional right to rehabilitative and reformative services for those confined in penal institutions, it has been widely recognized that rehabilitation is one of the primary purposes and goals of incarceration. See, *e. g.*, Pell v. Procunier, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); United States v. Brown, 381 U.S. 437, 458, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965); Williams v. New York, 337 U.S. 241, 248, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); Rudolph v. Alabama, 375 U.S. 889, 891, 84 S.Ct. 155, 11 L.Ed.2d 119 (1963) (Goldberg, J., dissenting); Anderson v. Nos-

ser, 438 F.2d 183, 190 (5th Cir. 1971), modified on rehearing en banc, 456 F.2d 835 (1972), cert. denied, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); Benson v. United States, 332 F.2d 288, 292 (5th Cir. 1964); Jackson v. Bishop, 404 F.2d 571, 580 (8th Cir. 1968) (Blackmun, J.); Diamond v. Thompson, 364 F.Supp. 659, 667 (M.D.Ala. 1973); Brenneman v. Madigan, 343 F.Supp. 128, 142 (N.D.Cal.1972); Law v. State, 238 Ala. 428, 431, 191 So. 803 (1939); Yates v. State, 31 Ala.App. 404, 405, 17 So.2d 594 (1944); see also Ala.Code, Title 45, § 188(1)(4).

■ Where conditions within a prison are such that the inmates incarcerated therein will inevitably and necessarily become more sociopathic and less able to adapt to conventional society as the result of their incarceration than they were prior thereto, cruel and unusual punishment is inflicted. This Court, therefore, adheres to the principle set forth by the *Holt* court: "The absence of an affirmative program of training and rehabilitation may have constitutional significance where in the absence of such a program conditions and practices exist which actually militate against reform and rehabilitation." Holt v. Sarver, 309 F.Supp. at 379.

■ It should be pointed out that the degree of proof required to sustain plaintiffs' burden of proving that the conditions of Alabama prisons themselves tend to encourage asocial and antisocial behavior will be a heavy one. But where it can be shown that prison conditions are so bad as to constitute cruel and unusual punishment, the relief to be afforded may properly include an order compelling the provision of certain basic rehabilitative services and facilities. See, *e. g.,* Jones v. Wittenberg, 330 F.Supp. 707, 717 (N.D.Ohio 1971), affirmed sub nom., Jones v. Metzger, 456 F.2d 854 (6th Cir. 1972), in which the district court, after finding that the totality of prison conditions amounted to a violation of the Eighth and Fourteenth Amendments, ordered that the following steps, *inter alia,* be taken: (1) classification and diagnostic procedures for each prisoner at intake; (2) establishment of work or study release programs; (3) establishment of group and individual counselling programs; (4) establishment of basic and remedial education programs; (5) expansion of existing religious programs; (6) establishment of a recreation program; (7) establishment of a constructive work program; and (8) establishment of visitation programs.

(3) Plaintiffs allege that persons entering the Alabama Correctional Institutions System are arbitrarily and discriminatorily assigned to units therein which have no or few educational and vocational programs and no treatment facilities for mental or physical disabilities. Since they claim that such assignment is arbitrary and discriminatory, it must be presumed that they claim that other inmates are assigned to units with educational, vocational or treatment facilities and that the method of assignment lacks rational justification.

■ It is appropriate to begin once again with the general and well-recognized proposition that "the Due Process and Equal Protection Clauses of the Fourteenth Amendment follow [prisoners] into prison and protect them there from unconstitutional action on the part of prison authorities carried out under color of state law." Washington v. Lee, 263 F.Supp. at 331. Moreover, it is clear that the fact that members of the plaintiff class may not have an absolute constitutional right to rehabilitative services does not dispose of plaintiffs' Fourteenth Amendment claims. As the Fifth Circuit has explained,

> The right-privilege distinction has been rejected as a method of analysis in Fourteenth Amendment cases, because the question is not whether a person has a right to something denied by the government, but whether the government acted lawfully in depriving him of it . . . . The question is whether the challenged [practice] is a rational means of advancing a valid state interest. A regulation not reasonably related to a valid government interest may not stand in the face of a due process attack. Likewise, a classification which serves no rational purpose or which arbitrarily divides citizens into different classes and treats them differently violates the equal protection clause.

Thompson v. Gallagher, 489 F.2d 443, 446, 447 (5th Cir. 1973).

■ As long then, as the state undertakes to provide rehabilitative services to some prisoners, it must justify

the reasonableness of its denial of similar services to other prisoners.[5]

(4) Plaintiffs allege that members of their class are incarcerated in institutions having inadequate facilities and programs designed to meet the treatment and custodial needs of those with mental or emotional difficulties or with geriatric problems. As this Court pointed out in Newman v. State of Alabama, 349 F.Supp. 278, 284–285, 287 (M.D. Ala.1972), affirmed, 503 F.2d 1320 (5th Cir. 1974), these allegations state a claim of constitutional proportions upon which relief can be granted.

(5) Plaintiffs allege that they are housed with other inmates who have not been adequately screened for emotional and behavioral disabilities under such circumstances that inadequate protection is afforded against physical assaults from these inmates. As the Fifth Circuit has indicated in Gates v. Collier, *supra*, the totality of the circumstances giving rise to inadequate protection against physical assaults and abuses by other inmates may constitute the infliction of punishment in violation of the Eighth Amendment.

(6) Plaintiffs also claim that defendants have placed unreasonable restrictions on visitation by members of their families and the families of others whom they represent. Since a regulation not reasonably related to a valid governmental interest contravenes the Due Process Clause of the Fourteenth Amendment, Thompson v. Gallagher, 498 F.2d at 447, this allegation states a claim upon which relief can be granted.

In view of the foregoing, it is the order, judgment and decree of the Court that defendants' motion to dismiss the amended complaint in this action be and the same is hereby denied.

---

5. Such justification may, but need not, take the form of an evaluation of each inmate's likelihood of benefitting from the rehabilitative services provided by the Alabama Correctional Institutions System and assignment to specific units thereof with reference to such evaluation. The necessity for a system of assigning inmates on the basis of their backgrounds and institutional needs has been recognized. See, e. g., Jones v. Wittenberg, 330 F.Supp. at 717; Morris v. Travisono, 310 F.Supp. 857 (D.R.I.1970); cf. Gates v. Collier, *supra*.