Ronnie **PINSON**, Plaintiff,

v.

Frederick T. **WILLIAMS**, Judge, Court of Common Pleas of Franklin County, and Captain John Martin, Director of Corrections, Defendants.

Civ. A. No. 75–828.

United States District Court, S. D. Ohio, E. D.

Dec. 5, 1975.

Dennis N. Balske, Louis Jacobs, Columbus, Ohio, for plaintiff.

Charles I. Cohen, Asst. Pros. Atty., Franklin Co., Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

Plaintiff in this civil action is a defendant in a criminal case scheduled for trial on December 8, 1975, in the Court of Common Pleas of Franklin County, Ohio. He is charged with aiding and abetting aggravated robbery and aggravated murder. He is being held, in lieu of $100,000.00 bail, in the Franklin County jail. His counsel have arranged to have a polygraph examination given to plaintiff at the jail, but defendant Captain Martin, who controls the flow of visitors at the jail, has refused the polygraph examiner access to plaintiff.

Plaintiff has not as yet been adjudged guilty of the crimes with which he is charged. He stands innocent of wrongdoing in the eyes of the law. An individual who is the subject of a pending criminal prosecution may be detained constitutionally if this is necessary to insure his presence at trial, but he retains "the constitutional right of a pre-trial prisoner not to suffer any more privation than the need for his detention necessarily requires." *Dillard v. Pitchess*, 399 F.Supp. 1225, 1240 (C.D.Cal.1975). See also *Jones v. Wittenberg*, 323 F.Supp. 93 (N.D.Ohio 1971), *aff'd sub nom. Jones v. Metzger*, 456 F.2d 854 (6th Cir. 1972). Plaintiff has the right under the Sixth Amendment to the United States Constitution, and under the Equal Protection Clause of the Fourteenth Amendment, to receive as effective assistance of counsel as is possible without impinging the legitimate security interests of the Franklin County jail. The heavy burden of providing effective representation for a criminal defendant rests with his counsel, and it is not for this Court, or for the custodian of a pre-trial detention facility, to second-guess professional judgments of such counsel as to the necessity for or the value of particular pre-trial investigative techniques.

It is emphasized that this Court makes no ruling, and intimates none, concerning the admissibility of polygraph examination results, or of any other evi-

dence, in the pending state court trial. Such a matter is necessarily and properly in the domain of the Court of Common Pleas. I do hold that in this case there is an absence of reasonable justification for the refusal to permit counsel meaningful access to their client, and that in the circumstances present here, equitable relief should issue from this Court pursuant to 42 U.S.C. § 1983 (1970) and 28 U.S.C. § 1343(3) (1970).

It is the further judgment of this Court that Judge Williams is not a proper party to this action, since on its face the complaint alleges that defendant Martin controls the access of persons to the Franklin County jail. An order running against Captain Martin will, therefore, be sufficient to preserve plaintiff's rights.

For the reasons set forth hereinabove, it is ORDERED that defendant Williams be, and he hereby is, DISMISSED as a party defendant herein. It is further ORDERED that defendant John Martin will forthwith permit Ronnie Pinson to be examined, under reasonable security precautions, by a polygraph operator selected by his counsel. No security is required of plaintiff.