SHORES, Justice.
We granted the State’s petition for cer-tiorari to review the decision of the Court of Criminal Appeals which reversed the conviction of the defendant and held that the trial court erred “when it refused to allow appellant to file a plea of former jeopardy,” citing Windham v. State, 41 Ala.App. 280, 129 So.2d 338 (1961).
We reverse and remand. The record shows unequivocally that the defendant was allowed to plead former jeopardy. The defendant was first put to trial on May 29, 1979. One Johnny Michael Johnson was the first witness called to testify for the State. He testified that the defendant called him over to the corner of Troy Furniture Mart as he and his wife were leaving the store and robbed him at knifepoint of $130. On cross-examination of this witness by the defendant’s counsel, the following occurred:
Q. Mr. Johnson, isn’t it true or could you tell the Court whether or not you have ever been convicted of a crime?
MR. BARR [prosecuting attorney]: Your Honor, at this point I am going to object.
THE COURT: Sustained.
MR. BARR: And ask that we go outside the presence of the jury before he goes any further if he does.
Thereupon the court excused the jury and the following occurred:
THE COURT: I’ll have something to say about this. He has never been convicted of a crime to my knowledge. He was convicted as a youthful offender, which is not admissible. Not permitted under the statute and that is impermissible to ask by law.
MR. DICKERT: Yes, sir.
THE COURT: If you have got knowledge of a conviction—
MR. DICKERT: I’d like to argue a point. Not necessarily that, but in connection with that.
THE COURT: Well, the legislature precluded inquiry. He has no criminal conviction or record and is barred from further inquiry by law. It can’t be used for impeachment. Unless you have got evidence of another conviction or record it is totally inadmissible for any purpose.
MR. DICKERT: Well, Your Honor, the point I would like to make is, and I realize that it may not affect the ruling of the Court, but for the record I would like to make the argument that the age of the witness at the time he was adjudicated whatever he might have been adjudicated of really has a bearing on the rights of the defendant in the case and I don’t feel that it is fair to the defendant in this case for the age of the witness to make a difference as to whether or not his credibility can be attacked. My point is that if he had been twenty-one years old at that time then his credibility would certainly be something that we could attack and the fact that he was able to take advantage of youthful offender statute denies in this case this defendant the opportunity to attack the witness’ credibility and for that reason I feel that it is a denial of due process and equal protection of the law.
THE COURT: You may have your feelings, but until the legislature rules otherwise I am going to overrule you, and I am going to be tempted to tell the ladies and gentlemen of the jury that that was an incorrect question and improper and not subject of inquiry *124 and that should have no bearing or part on the consideration of the evidence in this case, because we all know the youthful offender act' explicitly provides it shall be sealed and confidential.
MR. BARR: Your Honor, the State is going to move for a mistrial at this point.
THE COURT: Granted. We will try Mr. Dulaney tomorrow morning before another jury at nine o’clock a. m.
(The jury was brought back into the court room and with the defendant and his attorney present the following announcement was made.)
THE COURT: Ladies and Gentlemen, I have entered a mistrial in the case on motion of the State. Your services in this case will no longer be required. You’re discharged. The case will be handled at a later time and I need comment no further other than I have ruled as a matter of law an improper question was asked that could not be eradicated from your minds, it would leave you in question throughout the remainder of the trial. No matter what I said you would have some thing going on in your mind about what the answer ought to have been or what you would like to know or you thought you might ought to know. So you are free to go.
On Wednesday morning, May 30, 1979, with the defendant back before the court with his attorney, a different jury was qualified, and the following then took place outside the presence of the jury:
THE COURT: To get to the place for Mr. Dickert. On May 29, 1979, the case of State versus Alfonzo Dulaney was called for trial, jury selected, opening arguments made and the prosecuting witness Mike Johnson was on the witness stand and subjected to cross examination by Mr. Dickert. Mr. Dic-kert asked the witness have you been convicted, in substance, of a crime at which time Mr. Barr, prosecuting attorney, objected. The Jury was removed from the courtroom and it was made known by the Court who has personal knowledge of the following fact: The witness Mike Johnson with counsel Dic-kert representing him entered a plea of guilt as a youthful offender and was adjudicated a youthful offender. A mistrial was declared for the Court was of the opinion such question could not be eradicated from the minds of the jury the likelihood or not that the witness had a criminal record.
Now, Mr. Dickert on May 30th, 1979, in a new case of Alfonzo Dulaney desires to interrogate the witness Mike Johnson as to his criminal record, if any, and former convictions.
Is that correct?
MR. DICKERT: That is correct, Your Honor, for purpose of discrediting his credibility as a witness and impeachment.
THE COURT: Now, if Mr. Dickert asks that question to Mr. Mike Johnson the Court is going to sustain objection to it and declare another mistrial, because the Alabama Youthful Offender Act expressly declares the public policy of this State is that an adjudication as a youthful offender is no conviction of crime. The record is confidential, secret, not subject to disclosure and the statutes and common law of this State provide that the credibility of a witness can only be impeached by the showing of a crime and conviction involving moral turpitude and an adjudication as a youthful offender is not such. To which Mr. Dickert in the presence of his client Dulaney strenuously objects, excepts and objects and contends it denies him equal protection of the law and violates fundamental fairness and due process. Do you say that?
MR. DICKERT: Yes, sir. I have a couple of other items to mention. I think this is clear from what you said, but I want to make sure. The witness never answered the question, is that correct?
THE COURT: He never did.
*125 MR. DICKERT: The other thing is that we are now about to go to trial on the same indictment charging the same facts allegedly constituting the same offense and at this time I would like to plead former jeopardy on the behalf of my client in violation of the Constitution of Alabama and United States Constitution.
THE COURT: I’d like to ask you if you did not represent Mr. Mike Johnson on youthful offender application and conviction and sentence?
MR. DICKERT: That is correct, Your Honor.
THE COURT: And you were aware or had knowledge of his conviction as a youthful offender and you were aware of the Alabama Youthful Offender Act provisions when you asked the question?
MR. DICKERT: Yes, sir.
THE COURT: Therefore, it is the ruling of the Court if this be appropriate to rule on the plea of former jeopardy that error was committed intentionally with full knowledge of the provisions and mandate of the fundamental law of this State. It did not occur at any behest of the State or Court. There was no intentional mistrial created by the State. It came solely from the defendant’s position and he now cannot insist upon jeopardy when error arose from his behest and manifest justice in the interest of the total society and the State of Alabama where error does not spring forth from prosecutorial error or Judge-made error will not permit a defendant to escape the right of the State to put him to trial on a criminal accusation. So motion for plea of former jeopardy ... is denied at this point.
Manifestly, the defendant was allowed to plead former jeopardy, his lawyer strenuously argued the plea, and the trial court denied it; we think properly so.
It is clear from the record that the trial judge was of the opinion that the effect of the question put by the defendant’s lawyer to the State’s witness could not be eradicated. The trial court was correct in its interpretation of the Youthful Offender Act and, thus, correctly disallowed cross-examination on that point. Whether a mistrial was required at that time depends upon the circumstances in each case. We do note that no objection to the mistrial appears in this record. However, as was the case in Woods v. State, 367 So.2d 982 (Ala.1978), we need not address that point since we agree that it was not error to grant the mistrial. In that case, the rule with respect to mistrials was succinctly stated as follows:
Whether being placed on trial after a mistrial is declared constitutes double jeopardy depends upon the circumstances surrounding the mistrial. Manifest necessity must be demonstrated before a mistrial is declared over the objection of the defendant. Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). In this case there was no objection. However, we need not address the effect of the failure to object since we find that a manifest necessity was demonstrated sufficient to permit the trial judge, in the exercise of his broad discretion, to declare the mistrial and discharge the jury without a verdict.
There is no constitutional requirement that a mistrial be absolutely necessary. Only a high degree of necessity need be demonstrated. A trial judge is allowed the exercise of broad discretion in deciding whether that high degree of necessity is present. Neither is there any constitutional requirement that the finding of manifest necessity be explicit. Arizona v. Washington, supra. See also Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967).
We hold that the Court of Criminal Appeals erroneously held that the defendant in this case was denied his right to plead former jeopardy on his retrial. The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur.