798 F.2d 469
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brian HADDIX, Plaintiff-Appellant,
v.
Ralph EVITTS, Debra Wheatley, and Robert Swift, Defendants-Appellees.
 No. 85-5203.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1986.
 
 Before MARTIN, KRUPANSKY and Guy, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the order dismissing his pro se civil rights action. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 While incarcerated at Kentucky's Northpoint Training Center in 1984, the plaintiff was charged with assaulting a guard. He had a hearing before an Adjustment Committee which found him guilty of a rules infraction, ordered forfeiture of two years good time credit, and assigned the plaintiff to disciplinary segregation. An appeal to the warden was dismissed on procedural grounds.
 
 
 3
 The plaintiff then filed this action under 42 U.S.C. 91983 asserting the denial of due process in that the Adjustment Committee failed to provide sufficient written reasons to support its finding of guilt. Named as defendants were the three members of the Committee. For relief, the plaintiff sought both compensatory and punitive damages as well as expungement of the alleged constitutionally infirm Committee report from his prison file.
 
 
 4
 The case was referred to a Magistrate who recommended dismissal of the action on three separate grounds: (1) recovery of damages was barred under the Eleventh Amendment, (2) the defendants had absolute immunity from damages, and (3) the plaintiff failed to exhaust state remedies. The plaintiff objected to the Magistrate's report, but the district court adopted the report and dismissed the action. This timely appeal followed.
 
 
 5
 We conclude that none of the three reasons given by the district court support summary dismissal of the plaintiff's action. This Court has recognized the validity of actions against hearing officers for failure to provide adequate reasons for their findings of guilt in prison disciplinary proceedings. See King v. Wells, 760 F.2d 89 (6th Cir. 43 1985). See also Redding v. Fairman, 717 F.2d 1105 (7th Cir. 1983), cert. denied, 465 U.S. 1025 (1984). We have also held such hearing officers entitled only to qualified immunity from damages. See Jihaad v. O'Brien, 645 F.2d 556, 561 (6th Cir. 1981). The Supreme Court recently reached the same holding in Cleavinger v. Saxner, --- U.S. ----, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).
 
 
 6
 Finally, we note that any claims by the plaintiff as to the restoration of good time credit would have to be brought under 28 U.S.C. 52254, and not 31983. Preiser v. Rodriguez, 411 U.S. 475 (1973); Bills v. Henderson, 631 F.2d 1287, 1299 (6th Cir. 1980). The plaintiff, however, sought damages, not restoration of good time credits. His claim was brought properly under 51983 and is not subject to an exhaustion requirement. Jones v. Metzger, 456 F.2d 854, 856 (6th Cir. 1972). His prayer for expungerment of the Committee's report may be dealt with as part of the present action. See Redding v. Fairman, supra, 717 F.2d at 1118-19. Accordingly,
 
 
 7
 It is ORDERED that the district court's dismissal order of March 1, 1985 be and hereby is reversed and this case be and hereby is remanded to the -district court for further proceedings therein. We express no opinion as to the ultimate merits of the action.